IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OLLIE H. PERRYMAN, | ) | 8:11CV175 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| HEALTH & HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint on May 19, 2011. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on May 19, 2011, against "Health and Human Services." (Filing No. 1 at CM/ECF p. 1.) Condensed and summarized, Plaintiff alleges that he was denied a passport because he is in arrears on his child support payments. (*Id*. at CM/ECF pp. 2-5.) Plaintiff challenges "the passport law that pertains to child support" and asks the court to "suspend" his $14,000 child support debt for five days so he can attend the "summit against violent extremism" in Dublin, Ireland. (*Id*. at CM/ECF pp. 4-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim,

that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

1. *Right to Travel Abroad*

Although the right to travel abroad is a protected liberty, it can be regulated within the bounds of due process. *See Califano v. Torres*, 435 U.S. 1, 5 n.6 (1978). Indeed, the freedom to travel abroad is less important than the freedom to travel interstate, which is virtually unqualified. *Califano v. Aznavorian*, 439 U.S. 170, 176–77 (1978). "Given the lesser importance of [the] freedom to travel abroad, the Government need only advance a rational, or at most an important, reason" for restricting international travel. *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1439 (9th Cir. 1996).

Here, Plaintiff challenges "the passport law that pertains to child support" because it is restricting his ability to travel to Dublin, Ireland. (Filing No. 1 at

2

CM/ECF p. 4.) Although he does not specifically cite the law he is challenging, the court liberally construes Plaintiff's allegations to assert a constitutional challenge to 42 U.S.C. § 654(31) and 42 U.S.C. § 652(k). Section 654(31) requires states that receive federal assistance for child support collection to certify "to the Secretary . . . determinations that individuals owe arrearages of child support in an amount exceeding $2,500." 42 U.S.C. § 654(31). Upon receipt of a certification, and pursuant to section 652(k), the Secretary will "refuse to issue a passport to such an individual, and may revoke, restrict, or limit a passport issued previously to such individual." 42 U.S.C. 652(k)(2).

The Second and Ninth circuits have previously considered and rejected constitutional challenges to these passport denial laws. *See Eunique v. Powell*, 302 F.3d 971, 975-76 (9th Cir. 2002) (concluding that Congress and the State Department can refuse to issue a passport to individuals who are in arrears on their child support obligations); *Weinstein v. Albright*, 261 F.3d 127 (2d Cir. 2001) (holding that the statutory and regulatory scheme for denying passport applications and revoking existing passports for individuals in arrears on child support obligations comports with due process and equal protection). The court agrees with the reasoning in these cases. Ensuring that parents pay child support is an important interest. *See Eunique*, 302 F.3d at 975. The passport denial laws are substantially related to this interest because they focus the mind of a parent, such as Plaintiff, who wishes to travel abroad, "on a more important concern-the need to support one's children first." *Id*. Because Plaintiff admits that he has $14,000 in child support debt and because Congress and the State Department can refuse to issue passports to individuals with more than $2,500 in child support arrears, Plaintiff's challenge to the passport denial laws lacks merit.

    2. *Plaintiff's Request to Suspend his Child Support Obligation*

Plaintiff also asks the court to suspend his child support arrearage so he may obtain a passport. (Filing No. 1 at CM/ECF p. 5.) However, the *Rooker-Feldman*

3

doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Stated simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding. This court cannot provide Plaintiff with the relief he requests.

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff's Complaint (filing no. 1) is dismissed without prejudice.

      2.    A separate judgment will be entered in accordance with this Memorandum and Order.

      DATED this 28th day of June, 2011.

                            BY THE COURT:

                            s/ Joseph F. Bataillon
                            Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.